# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **COMPUTER SERVICES, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **8:08CV440** |
| | ) | |
| v. | ) | **PROTECTIVE ORDER** |
| | ) | |
| **ACI WORLDWIDE CORP.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

This matter is before the court on the parties' joint motion for a protective order (Filing No. 34). Upon consideration,

**IT IS ORDERED:**

The parties' joint motion for a protective order (Filing No. 34) is granted as set forth below.

**IT IS FURTHER ORDERED:**

1. <u>DEFINITIONS</u>. Limitations under this Protective Order on the use or disclosure of documents, deposition testimony or other discovery designated as "Confidential" or "Confidential for Attorney Eyes Only" shall apply to (a) all information, copies, extracts and complete or partial summaries prepared or derived from such documents or testimony; (b) portions of deposition transcripts, answers to interrogatories, responses to requests for admissions, responses to requests for production, initial disclosures and exhibits thereto which directly refer or directly relate to any such information, documents, copies, extracts or summaries; and (c) portions of briefs, memoranda or any other writing filed with the Court and exhibits thereto which directly relate to any such information, documents, copies, extracts or summaries.

2. <u>CONFIDENTIAL DOCUMENTS</u>. Before produced documents are copied or inspected, the producing party may stamp or otherwise designate as "Confidential" any document or deposition testimony it believes contains confidential or proprietary business information and/or trade secrets in order to limit disclosure as set forth in this Paragraph

2.  Documents may also be designated as "Confidential" by written notice to opposing counsel which identifies the documents so designated by Bates number or so designated verbally followed by written confirmation of such designation.  Documents designated "Confidential," deposition testimony so designated, and information derived therefrom will be retained by counsel and will not be used for any purpose other than this litigation and will not be disclosed except pursuant to court order entered after notice, to anyone except:

    a.    Counsel who have signed this Order approving it as to form and content, attorneys who are employed or are members of the law firms of counsel who have signed this Order, in-house counsel, regularly engaged or retained corporate counsel, law clerks, secretaries or paralegals directly involved in the conduct of this litigation;

    b.    Employees of the parties hereto who are required in good faith to provide assistance in the conduct of this action in which the information is disclosed;

    c.    Court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents;

    d.    Experts and consultants retained by either of the parties for purposes of assisting in the preparation or presentation of claims or defenses;

    e.    Any deposition or trial witness, during the course of deposition or trial testimony, when necessary to the testimony of such witness;

    f.    Any person who was involved in the preparation of the document;

    g.    Jurors and Court personnel at the trial of this action;

    h.    Any other person with the prior written consent of the party producing the document, pleading or deposition testimony.

Prior to receiving or being shown such documents or deposition testimony, persons falling in the categories listed above in subparagraphs (b), (d), (e) and (h) shall be shown a copy of, and shall agree in writing by signing a copy of the Written Assurance attached as Exhibit A to this Order, or on the record during trial or deposition, to be bound by the terms of this Protective Order.  During a deposition, any party asserting confidentiality of

any of its documents shall ask the deponent on the record to accept the terms of this Order. If the deponent refuses to assent, disclosure of the documents during deposition shall not constitute a waiver of confidentiality.

      3.      <u>CONFIDENTIAL FOR ATTORNEY EYES ONLY DOCUMENTS</u>.  Before produced documents are copied or inspected, the producing party may stamp or otherwise designate as "Confidential for Attorney Eyes Only" any document or deposition testimony it believes contains highly confidential or proprietary business information and/or trade secrets, such as but not limited to, ACI internal pricing information and tools, pricing strategies, and information concerning customers other than CSI, in order to limit disclosure as set forth in this Paragraph 3.  Documents may also be designated as "Confidential for Attorney Eyes Only" by written notice to opposing counsel which identifies the documents so designated by Bates number or so designated verbally followed by written confirmation of such designation.  Documents designated "Confidential for Attorney Eyes Only," deposition testimony so designated, and information derived therefrom will be retained by counsel and will not be used for any purpose other than this litigation and will not be disclosed except pursuant to court order entered after notice, to anyone except:

      a.      Counsel who have signed this Order approving it as to form and content, attorneys who are employed or are members of the law firms of counsel who have signed this Order, in-house counsel, regularly engaged or retained corporate counsel, law clerks, secretaries or paralegals directly involved in the conduct of this litigation;

      b.      Any other person with the prior written consent of the party producing the document, pleading or deposition testimony.

Prior to receiving or being shown such documents or deposition testimony, persons falling in the categories listed above in subparagraphs (b) shall be shown a copy of, and shall agree in writing by signing a copy of the Written Assurance attached as Exhibit A to this Order, or on the record during trial or deposition, to be bound by the terms of this Protective Order.  During a deposition, any party asserting confidentiality of any of its documents shall ask the deponent on the record to accept the terms of this Order.  If the

deponent refuses to assent, disclosure of the documents during deposition shall not constitute a waiver of confidentiality.

4. DEPOSITIONS. Notwithstanding the provisions of Paragraph 2 or 3 above, the parties and deponents may, on the record of a deposition, or within ten (10) business days after receiving a deposition transcript, designate pages of the transcript (and exhibits thereto) as "Confidential" or "Confidential for Attorney Eyes Only" pursuant to the criteria set forth in this Protective Order. Until expiration of the seven-business day period, the entire deposition transcript shall be treated as if designated as "Confidential" or "Confidential for Attorney Eyes Only" pursuant to this Protective Order. If no party or deponent timely designates "Confidential" or "Confidential for Attorney Eyes Only" in a deposition, then none of the transcript or exhibits (other than exhibits that were previously designated as "Confidential" or "Confidential for Attorney Eyes Only" pursuant to paragraph 2 and 3 above) will be treated as confidential. If a timely designation is made, the cover of the transcript shall be prominently marked and, in the event such deposition transcript and/or exhibits are filed with the Court, the confidential portions and exhibits shall be filed under seal separate from the portions and exhibits not so marked.

5. THIRD PARTIES. A copy of this Protective Order shall be served with a subpoena or Notice of Deposition on each third party deponent. A third party witness may designate a document as "Confidential" or "Confidential for Attorney Eyes Only" pursuant to this Order by stamping it with such notice prior to production or so identifying it on the record during the deposition of that third party. Either party may also designate documents produced by a third party as being "Confidential" or "Confidential for Attorney Eyes Only" pursuant to the terms of this Order within ten (10) days of being made aware of the content of such documents. Any document produced by a third party shall be treated as "Confidential" or "Confidential for Attorney Eyes Only" pursuant to the terms of this Order for such ten (10) day period and thereafter if designated as "Confidential" or "Confidential for Attorney Eyes Only"by either party or by the third party which produces it. The "Confidential" or "Confidential for Attorney Eyes Only" restrictions of this Order shall no longer apply to any document produced by a third party which has not been designated as

"Confidential" or "Confidential for Attorney Eyes Only" by the third party or by a party within such ten (10) day period.

6.  NO ADMISSIONS.  Nothing in any provision of this Order, nor the designation of confidentiality of any materials by a party producing same under the terms of this Order, shall be deemed an admission by any party or person bound by the terms of this Order that the materials constitute proprietary business information or trade secrets of a party or constitute confidential information .  Designation of confidentiality in advance of trial of any document or information as confidential shall be neither dispositive nor presumptive for purpose of deciding or determining any factual or legal issue.  All such legal issues or factual determinations shall be preserved for trial and no party may introduce into evidence or otherwise refer to another party's failure to challenge a confidential designation under this Order for any purpose.  Nor shall this Order be deemed to preclude any party from seeking or obtaining, on the appropriate showing, additional protection with respect to the confidentiality of documents or information.

7.  CHALLENGE TO DESIGNATION.  Any party may challenge the "Confidential" or "Confidential for Attorney Eyes Only" designation of any document, by notifying all interested parties and providing the producing party ten (10) days in which to move the Court for an Order preventing or limiting disclosure.  The parties shall attempt to resolve such disagreement before submitting it to the Court.  The producing party shall bear the burden of proof on the issue of whether the challenged document or information falls within the protections set forth in this Order.  If the producing party files such a motion within such time, the documents shall continue to be treated as "Confidential" or "Confidential for Attorney Eyes Only" pursuant to the terms of this Order until such time as the Court has made a ruling with respect to the motion.  If no motion is filed within that time the "Confidential" or "Confidential for Attorney Eyes Only" restriction of this Order shall no longer apply to such document.

8.  RETURN OF DOCUMENTS.  Upon completion of the litigation all documents and copies of the same designated "Confidential" or "Confidential for Attorney Eyes Only" shall be destroyed or returned to counsel for the producing party with signed statement reflecting the disposition.  This Order shall not terminate upon the conclusion of this action

but shall continue until the further order of the Court or until the party claiming confidentiality has waived the same in writing.

9. <u>USE OF DOCUMENTS</u>.  Documents produced by any party, including, but not limited to, "Confidential" or "Confidential for Attorney Eyes Only"documents and information from any documents acquired in discovery in this litigation shall not be used for any purpose except in connection with this litigation pending in the United States District Court for the District of Nebraska, Case No. 8:08cv440, and styled *Computer Services, Inc. v. ACI Worldwide Corp.*  Nothing in this Order shall limit any party or person in its use of its own documents or from disclosing its own documents and information.  This Order or production of any documents shall not affect the admissibility of any such document or be deemed a waiver of any objection to the admissibility of such documents.

10. <u>FILING OF DOCUMENTS</u>.  No documents or information designated as confidential shall be filed with the Court except pursuant to NECivR 7.5 (a) with the proper safeguards protecting against disclosure to the public.  The Clerk of the Court is directed to maintain such documents under seal, to be made available only to the Court and counsel of record for the parties as herein provided.

11. <u>HEARINGS OR TRIAL</u>.  Prior to any hearings or the trial of this action, the attorneys for the parties shall meet and attempt to agree on an appropriate form of order to submit to the Court regarding the confidential status, if any, to be afforded documents, testimony or other information disclosed during the course of the hearing or trial.

12. <u>EXCEPTIONS</u>. The restrictions embodied in this Order shall be binding on the party to whom "Confidential" or "Confidential for Attorney Eyes Only" information is disclosed unless and until there is a showing by the receiving party [non-disclosing party] that:

    a. Such information was or has become public knowledge absent a breach of this Protective Order; or

    b. The party to whom such disclosure was made had already learned such information from a third party who himself has not breached any confidential relationship which may have existed or exists between such third party and the party making the disclosure.

13. <u>WAIVER</u>. Any waiver under this Order must be made in writing or, if at a deposition or in Court, on the record.

14. <u>ENFORCEMENT</u>. Any party or person subject to the obligations and prohibitions of this Order who is determined by the Court to have violated its terms is subject to sanctions imposed by the Court pursuant to Fed. R. Civ. P. 37(b).

DATED this 30th day of January, 2009.

BY THE COURT:

s/Thomas D. Thalken
United States Magistrate Judge

**EXHIBIT A**

**WRITTEN ASSURANCE**

I have read and fully understand the Protective Order dated January 30, 2009 in the action entitled *Computer Services, Inc. v. ACI Worldwide Corp.* Case No. 8:08cv440, in the United States District Court for the District of Nebraska. I am familiar with and agree to comply with and be bound by the provisions of said Order and submit myself to the jurisdiction of the United States District Court for the District of Nebraska for any proceedings with respect to said Order. I will not divulge to persons other than those specifically authorized by said Order or copy or use, except solely for the purposes of this action, any information obtained pursuant to said Order except as expressly permitted by the Court.

Date: _____, 2009

_____

Name: _____

Address: _____

_____

Employment and job title: _____

_____